UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TERRY TRAYNOR,

Plaintiff,

v.

R.L. STIFF,

Defendant.

Civil No. 00-706 (ADM/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 9), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff, a prisoner at the Federal Correctional Institution, Waseca, Minnesota, commenced this action on March 17, 2000, by filing a pleading that appeared to be a habeas corpus petition. His pleading was accompanied by the $5.00 filing fee required in habeas proceedings, and the Clerk's office filed the pleading as an application for habeas corpus relief brought under 28 U.S.C. § 2241. Upon initial review of Plaintiff's original pleading, however, the Court found that Plaintiff was not challenging the fact or duration of his confinement, and that the relief he was seeking could only be pursued in a regular, (i.e., non-habeas), civil action. Therefore, by order dated March 23, 2000, Plaintiff's "petition" was dismissed without prejudice, and he was granted leave to file a Civil

FILED APR 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Complaint as an amended pleading. (Docket No. 5.) That order also advised Plaintiff that his action could not be entertained unless he either paid the filing fee required for a non-habeas civil action, (namely $150), or filed an IFP application. Plaintiff was further advised that if he applied for IFP status, he would have to comply with the initial partial filing fee requirements set forth at 28 U.S.C. § 1915(b)(1). Moreover, the Court's order notified Plaintiff that if he applied for IFP status, he would have to tender his initial partial filing fee by no later than April 21, 2000. He was warned that if he did not submit both the IFP application and the initial partial filing fee by that date, his action would be subject to summary dismissal.[1]

On April 10, 2000, Plaintiff filed a new pleading entitled "Civil Complaint," and he also submitted an application for leave to proceed IFP in this matter. (Docket No. 9.) To date, however, he has not tendered the initial partial filing fee prescribed by § 1915(b)(1), nor has he offered any explanation for his failure to pay the fee as required

---

[1] The Court's prior order stated that:

> "If [Plaintiff] decides to apply for IFP status, he will have to (a) properly complete the IFP application form prescribed for use in this District, (including the "Certificate" section), <u>and (b) tender the proper amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1)</u>. [¶] If [Plaintiff] elects to proceed with this action, <u>he must satisfy the foregoing requirements by no later than April 21, 2000. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b)."</u>

(Order dated March 23, 2000, [Docket No. 5], pp. 6-7, [emphasis added].)

both by statute, and by this Court's prior order.[2] He has therefore failed to comply with the prior order in a timely manner.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, we now conclude that the matter should be dismissed. Plaintiff should be deemed to have abandoned this action. See Fed.R.Civ.P. 41(b) (actions may be dismissed for failure to comply with court orders); see also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 9), be DENIED; and

---

[2] According to the trust account information appearing on Plaintiff's IFP application, the amount of the average monthly deposits to his prison trust account during the past six months was $117.34, while the average monthly balance during the same period was $0.20. The initial partial filing fee required by the 28 U.S.C. § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts. Therefore, Plaintiff's initial partial filing fee in this case was $23.47, ($117.34 x 20% = $23.47.) However, Plaintiff paid a $5.00 filing fee when he commenced this action as a habeas corpus proceeding, so the amount he was actually required to pay was $18.47.

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated: April 26, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before May 12, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.